Matthew A. Rosenberg (MO Bar No. 45670)
LAW OFFICES OF MATTHEW ROSENBERG, LLC
36 Four Seasons Center #116
St. Louis, Missouri 63017
Telephone: (314) 256-9699
Fax: (314) 786-0532
matt@lomr-law.com

Attorney for Defendant Creative Compounds, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Ron Kramer; Sal Abraham; and ThermoLife International, LLC,<br><br>               Plaintiffs,<br>     v.<br><br>Creative Compounds, LLC,<br><br>               Defendant. | Case No. 2:11-cv-1965-PHX-JAT<br><br>**ANSWER AND AFFIRMATIVE DEFENSES**<br><br>(Jury Trial Demanded) |

Defendant Creative Compounds, LLC ("Creative"), for its Answer and Affirmative Defenses to the Complaint filed on October 7, 2011 (the "Complaint"), hereby states as follows:

1. Creative admits that the Complaint is purportedly for patent infringement of the '533 Patent. Creative denies that it infringes the '533 Patent and Plaintiffs' characterization of the scope of the '533 Patent. Creative denies any other allegations of Paragraph 1 of the Complaint.

2. Creative admits that the dietary supplement industry is a competitive one, but otherwise denies the allegations of Paragraph 2 of the Complaint.

3. Creative denies the allegations of Paragraph 3 of the Complaint.

1

4. Creative denies that it stated that it had "acquired a supply of diiodothyroacetic acid," and to the extent Plaintiffs imply by the word "acquired" that Creative has taken physical possession of such a supply, Creative denies that it has acquired any diiodothyroacetic acid ("DIAC"). Creative admits that it issued the advertisement shown in Exhibit B of the Complaint on or about September 22, 2011. Creative otherwise denies the allegations of Paragraph 4 of the Complaint.

5. Creative admits that it issued the advertisement shown in Exhibit B of the Complaint, but denies that anything in said advertisement is false.

6. Creative admits that the Inventors seek to enjoin Creative from offering DIAC for sale, but denies that it is violating the '533 Patent or that any injunction is warranted.

7. Creative admits that ThermoLife seeks to enjoin Creative from advertising DIAC in the manner currently used, but denies that its advertisements are false or that any injunction is warranted.

8. Creative admits that Plaintiffs seek monetary damages, but denies that Plaintiffs have suffered any damages. Creative otherwise denies the allegations of Paragraph 8 of the Complaint.

9. Creative admits that Ron Kramer is listed as an inventor on the face of the '533 Patent, but is without sufficient knowledge as to the accuracy of the remaining allegations of Paragraph 9 of the Complaint, and therefore denies the same.

10. Creative admits that Sal Abraham is listed as an inventor on the face of the '533 Patent, but is without sufficient knowledge as to the accuracy of the remaining allegations of Paragraph 10 of the Complaint, and therefore denies the same.

11. Creative is without sufficient knowledge as the accuracy of the allegations of Paragraph 11 of the Complaint, and therefore denies the same. Creative further notes that upon information and belief, 3914 E. Chandler Blvd, Phoenix, Arizona 85048 is a mailbox rental store and not the address of ThermoLife.

12. Creative admits the allegations of Paragraph 12 of the Complaint.

13. Creative admits the allegations of Paragraph 13 of the Complaint, except to the extent that it has not shipped products to every state.

14. Creative admits the allegations of Paragraph 14 of the Complaint.

15. Creative admits the allegations of Paragraph 15 of the Complaint.

16. Creative denies that there exists any diversity subject matter jurisdiction, because even if Creative is liable for damages, such damages could not reasonably be expected to exceed the jurisdictional amount of $75,000.

17. Creative denies that venue is proper, but hereby waives any defense of improper venue.

18. Creative is without sufficient knowledge as the accuracy of the allegations of Paragraph 18 of the Complaint, and therefore denies the same.

19. Creative is without sufficient knowledge as the accuracy of the allegations of Paragraph 19 of the Complaint, and therefore denies the same.

20. Creative is without sufficient knowledge as the accuracy of the allegations of Paragraph 20 of the Complaint, and therefore denies the same.

21. Creative is without sufficient knowledge as the accuracy of the allegations of Paragraph 21 of the Complaint, and therefore denies the same.

22. Creative is without sufficient knowledge as the accuracy of the allegations of Paragraph 22 of the Complaint, and therefore denies the same.

23. Creative is without sufficient knowledge as the accuracy of the allegations of Paragraph 23 of the Complaint, and therefore denies the same.

24. Creative is without sufficient knowledge as the accuracy of the allegations of Paragraph 24 of the Complaint, and therefore denies the same.

25. Creative admits that Kramer and Abraham were listed as inventors on the face of the '533 Patent, and that the application relating to the '533 Patent was filed on October 20, 2004. Creative otherwise denies the allegations of Paragraph 25 of the Complaint.

26. Creative admits that the '533 Patent was issued by the Patent and Trademark Office on April 5, 2011, but otherwise denies the allegations of Paragraph 26 of the Complaint.

27. Creative admits the allegations of Paragraph 27 of the Complaint, but affirmatively alleges the claim actually states "in a human individual" instead of "in human individuals."

28. Creative admits the allegations of Paragraph 28.

29. Creative is without sufficient knowledge as the accuracy of the allegations of Paragraph 29 of the Complaint, and therefore denies the same.

30. Creative is without sufficient knowledge as the accuracy of the allegations of Paragraph 30 of the Complaint, and therefore denies the same.

31. Creative is without sufficient knowledge as the accuracy of the allegations of Paragraph 31 of the Complaint, and therefore denies the same.

32. Creative is without sufficient knowledge as the accuracy of the allegations of Paragraph 32 of the Complaint, and therefore denies the same.

33. Creative denies the allegations of Paragraph 33 of the Complaint, and affirmatively alleges that: (a) it was founded in 2001; (b) it has never been a compounding pharmacy; (c) it has never knowingly sold prescription drugs or components thereof; (d) it does not "compound" dietary supplements.

34. Creative denies the allegations of Paragraph 34 of the Complaint.

35. Creative admits the allegations of Paragraph 35 of the Complaint.

36. Creative admits the allegations of Paragraph 36 of the Complaint.

37. Creative admits the allegations of Paragraph 37 of the Complaint.

38. Creative admits the allegations of Paragraph 38 of the Complaint except to affirmatively allege that DIACtive may be used as an ingredient in a dietary supplement, and that Creative has no control over the use of DIACtive by its customers.

39. Creative admits that a dietary supplement that comprises DIAC would infringe Claim 11 of the '533 Patent. Creative otherwise denies the allegations of Paragraph 39 of the Complaint.

40. Creative denies the allegations of Paragraph 40 of the Complaint.

41. Creative admits that it believes it has an accurate understanding of the scope of the '533 Patent, which may or may not be the same as Plaintiffs assertions regarding the same.

42. Creative denies the allegations of Paragraph 42 of the Complaint.

43. Creative denies the allegations of Paragraph 43 of the Complaint.

44. Creative denies the allegations of Paragraph 44 of the Complaint.

45. Creative admits that Plaintiffs asserted their allegations of infringement by e-mail and telephone conversation, but Creative denies that it infringes the '533 Patent.

46. Creative denies the allegations of Paragraph 46 of the Complaint.

47. Creative admits that the inventors have not authorized any of its activities, but denies the implication that any such authorization is required.

48. Creative denies the allegations of Paragraph 48 of the Complaint.

49. Creative admits making the statements in the advertisement, but otherwise denies the allegations of Paragraph 49 of the Complaint.

50. Creative admits making the statements in the advertisement, but otherwise denies the allegations of Paragraph 50 of the Complaint.

51. Creative denies the allegations of Paragraph 51 of the Complaint.

52. Creative admits making the statements in the advertisement, but otherwise denies the allegations of Paragraph 52 of the Complaint.

53. Creative denies the allegations of Paragraph 52 of the Complaint.

54. Creative is without sufficient knowledge as the accuracy of the allegations of Paragraph 54 of the Complaint, and therefore denies the same.

55. Creative denies the allegations of Paragraph 55 of the Complaint.

56. Creative repeats and realleges each and every answer contained in the foregoing paragraphs of this Answer, as if fully set forth herein.

57. Creative admits the allegations of Paragraph 57 of the Complaint.

58. Creative denies the allegations of Paragraph 58 of the Complaint.

59. Creative denies the allegations of Paragraph 59 of the Complaint.

60. Creative denies the allegations of Paragraph 60 of the Complaint.

61. Creative denies the allegations of Paragraph 61 of the Complaint.

62. Creative denies the allegations of Paragraph 62 of the Complaint.

63. Creative denies the allegations of Paragraph 63 of the Complaint.

64. Creative denies the allegations of Paragraph 64 of the Complaint.

65. Creative repeats and realleges each and every answer contained in the foregoing paragraphs of this Answer, as if fully set forth herein.

66. Creative admits the allegations of Paragraph 66 of the Complaint.

67. Creative denies the allegations of Paragraph 67 of the Complaint.

68. Creative denies the allegations of Paragraph 68 of the Complaint.

69. Creative denies the allegations of Paragraph 69 of the Complaint.

70. Creative denies the allegations of Paragraph 70 of the Complaint.

71. Creative denies the allegations of Paragraph 71 of the Complaint.

72. Creative denies the allegations of Paragraph 72 of the Complaint.

73. Creative denies the allegations of Paragraph 73 of the Complaint.

74. Creative repeats and realleges each and every answer contained in the foregoing paragraphs of this Answer, as if fully set forth herein.

75. Creative admits the allegations of Paragraph 75 of the Complaint.
76. Creative denies the allegations of Paragraph 76 of the Complaint.
77. Creative denies the allegations of Paragraph 77 of the Complaint.
78. Creative denies the allegations of Paragraph 78 of the Complaint.
79. Creative denies the allegations of Paragraph 79 of the Complaint.
80. Creative denies the allegations of Paragraph 80 of the Complaint.
81. Creative denies the allegations of Paragraph 81 of the Complaint.
82. Creative denies the allegations of Paragraph 82 of the Complaint.
83. Creative repeats and realleges each and every answer contained in the foregoing paragraphs of this Answer, as if fully set forth herein.
84. Creative denies the allegations of Paragraph 84 of the Complaint.
85. Creative denies the allegations of Paragraph 85 of the Complaint.
86. Creative denies the allegations of Paragraph 86 of the Complaint.
87. Creative denies the allegations of Paragraph 87 of the Complaint.
88. Creative denies the allegations of Paragraph 88 of the Complaint.
89. Creative denies the allegations of Paragraph 89 of the Complaint.
90. Creative denies the allegations of Paragraph 90 of the Complaint.
91. Creative denies the allegations of Paragraph 91 of the Complaint.
92. Creative denies the allegations of Paragraph 92 of the Complaint.
93. Creative denies the allegations of Paragraph 93 of the Complaint.
94. Creative denies the allegations of Paragraph 94 of the Complaint.

## JURY DEMAND

95. Creative requests a trial by jury on all aspects of the Complaint triable by jury.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Creative alleges as follows:

1. The Complaint and each cause of action contained therein fails to state a claim upon which relief may be granted.

2. All of the claims of the '533 Patent are invalid for failing to meet one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

3. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

**RESERVATION OF DEFENSES**

Creative expressly reserves the right to assert any and all applicable defenses as may become known to it during the course of this action.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

WHEREFORE, having fully answered the Complaint, Creative requests that judgment be entered in its favor and against Plaintiffs as follows:

A. That the Complaint be dismissed with prejudice;

B. That Creative be awarded its reasonable attorneys' fees and costs incurred in defending this action; and

C. For such other and further relief as the Court deems just and proper.

Dated this 28th day of October, 2011.

LAW OFFICES OF MATTHEW ROSENBERG, LLC


/s/Matthew A. Rosenberg
Matthew A. Rosenberg (MO Bar No. 45670)
*Attorneys for Defendant Creative Compounds, LLC*

**Certificate of Service**

I hereby certify that on 28th day of October, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory B. Collins
Jenessa G.B. Coccaro
KERCSMAR & FELTUS PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona  85250
gbc@kflawaz.com
jbc@flawaz.com

/s/Matthew A. Rosenberg