Gregory B. Collins (#023158)
Eric B. Hull (#023934)
KERCSMAR & FELTUS PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
gbc@kflawaz.com
ebh@kflawaz.com

Attorneys for Plaintiffs Ron Kramer, Sal Abraham, and ThermoLife International LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ron Kramer, an Arizona resident; Sal Abraham, a Florida resident; ThermoLife International LLC, an Arizona limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>Creative Compounds LLC, a Nevada limited liability company,<br><br>Defendant.<br><br>Creative Compounds LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Ron Kramer, an Arizona resident; and Sal Abraham, a Florida resident,<br><br>Defendants. | Case No. 2:11-cv-01965-PHX-JAT (Lead)<br>2:11-cv-02033-PHX-JAT (Cons)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S DECLARATORY JUDGMENT COMPLAINT AND PLAINTIFFS' CLAIM FOR PATENT INFRINGEMENT** |

In their Motion for Summary Judgment ("ThermoLife's MSJ"), Plaintiffs Ron Kramer, Sal Abraham and ThermoLife International, LLC (collectively, "Plaintiffs" or "ThermoLife") stated that "The facts of this case are rather simple." (ThermoLife's MSJ at 2:10.) Defendant Creative Compounds, LLC's ("Creative's") Response to Ther-

1

moLife's MSJ makes it clear that the case itself is rather simple. It is now clear that the issues are far narrower than perhaps both sides initially thought. The parties agree on the following points:

> **1.    Unless a defense applies, Creative infringed the '533 Patent.[1]**
>
> **2.    Summary judgment is appropriate on Creative's claims and defenses pursuant to 35 U.S.C. §§ 101, 103, and 112.[2]**
>
> **3.    The facts ThermoLife set forth in its Statement of Facts are undisputed.[3]**
>
> **4.    Only Claim 11 of the '533 Patent is at issue.**
>
> **5.    If the '533 Patent is valid, Creative directly infringed the patent and is not liable for contributory infringement or inducing infringement.**

With the facts undisputed and these critical points of law conceded—in a transparent attempt to manufacture a remaining issue—Creative claims that ThermoLife got it all wrong in concluding that Creative relied on a claim of prior inventorship under § 102(g). Creative argues instead that what it really meant was that it had a defense under § 102(a) and (b) for prior use or sale. Creative's attempts to use its own vague and incomplete disclosures in order to fabricate a defense should be denied. When asked for the facts on which it intended to rely to establish patent invalidity, Creative answered:

> Without waiving any of the foregoing objections, Derek Cornelius conceived of diiodothyroacetic acid ("DIAC") as a nutritional sup-

---

[1] In its Response, "Creative concedes that the DIAC it offered for sale falls within the scope of Claim 11 of the '533 Patent." (Creative's Resp. at 4:1-2 (internal capitalization omitted).) Accordingly, unless Creative's invalidity defense applies, Creative is liable for infringing Claim 11 of the U.S. Patent No. 7,919,533 B2 ("the '533 Patent") as a matter of law.

[2] ThermoLife sought summary judgment regarding Creative's asserted defenses under 35 U.S.C. §§ 101, 103, and 112. Creative does not put forth any allegations supporting those defenses and failed to address ThermoLife's arguments. Instead, Creative only argues for defenses pursuant to § 102(a) and (b).

[3] Creative did not controvert any of ThermoLife's alleged facts.

Kercsmar & Feltus PLLC
6263 N. Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

plement, and further as nutritional supplement to promote lean body mass, in the fall of 2000. Mr. Cornelius thereafter communicated with Francisco Tabak and Tolbiac SRL about the manufacture and supply of DIAC, with such discussions occurring in and through late fall and early winter of 2000-2001. By approximately the end of February 2001, Mr. Cornelius had received from Francisco Tabak an approximately 5 to 10 gram sample of DIAC. Among others, Mr. Cornelius took doses of DIAC orally as a dietary supplement to test its efficacy to promote lean body mass.[4]

Creative's answer never uses the words "use" or "sale." Instead, Creative highlighted Cornelius' alleged conception and his discussions with Tabak. "Alleged use of 'the invention' when only the concept of the invention is shown to exist is insufficient to establish public use." John Gladstone Mills III, et. al., PATENT LAW BASICS § 7:9, *In public use* (West 2012). In other words, conception is wholly irrelevant to use or sale. Instead, "[i]n order for a use to qualify as prior art under 35 U.S.C.A. § 102(a) and (b), ***it must have been reduced to practice***." 3 PAT. L. FUNDAMENTALS § 10:9 (West 2d ed 2012.) (emphasis added). As fully explained in ThermoLife's MSJ and Plaintiffs' Response to Creative's Motion for Summary Judgment and Cross-Motion for Summary Judgment,[5] Creative has no facts whatsoever demonstrating reduction to practice. It is indisputable that Cornelius never reduced any invention related to DIAC to practice.

ThermoLife's MSJ made this concept abundantly clear. "[A] challenger . . . has two ways to prove that it was the prior inventor: (1) it reduced its invention to practice first . . . or (2) it was the first party to conceive of the invention and then exercised reasonable diligence in reducing that invention to practice." *Mycogen Plant Sci., Inc. v. Monsanto Co.*, 243 F.3d 1316, 1332 (Fed. Cir. 2001). Creative disclaims any defense based on conception and does not argue that Cornelius ever reduced anything to practice. Yet Creative somehow maintains that a fact issue remains on a defense under 102(a) or (b)—***claims that require reduction to practice***.

---

[4] Plaintiff's Statement of Facts in Support of Their Motion for Summary Judgment on Defendant's Declaratory Judgment Complaint and Plaintiffs' Claim for Patent Infringement (Dkt. # 52) ¶ 29 (quoting Creative's Response to Plaintiff's First Set of Interrogatories).

[5] Plaintiffs' Response to Creative's Motion for Summary Judgment and Cross-Motion for Summary Judgment is hereby incorporated by reference as if fully stated herein.

If Creative cannot establish reduction to practice under 102(g), its claims of prior use or sale must also fail simply based on common sense. Creative's proposed defense begs the question as to when the invention embodied in the '533 Patent was invented. If Cornelius did not reduce the invention to practice prior to use, how could he possibly have used that invention? If Tabak did not reduce the invention to practice, how could he have sold it? The answers to these questions are stunningly simple: Prior to the work by Abraham and Kramer the invention embodied in the '533 did not exist. Tabak sold and Cornelius experimented with an ingredient—DIAC. Neither ever reduced it to practice, a prerequisite for a defense pursuant to §§ 102(a) and (b). *See Pfaff v. Wells Electronics, Inc.*, 525 U.S. 55, 67-68 (1998); *Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 996 (Fed. Cir. 2007); *Minnesota Min. & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1307 (Fed. Cir. 2002); 3 Pat. L. Fundamentals § 10:9 (2d ed.) ("It is axiomatic that there can be no public use of an invention before it exists."); *see also id.* ("In order for a use to qualify as prior art under 35 U.S.C.A. § 102(a) and (b), it must have been reduced to practice.").

Creative concedes that it infringed the '533 Patent. Logic and common sense dictate that as a matter of law Creative cannot establish any defense related to the invalidity of the '533 Patent. The undisputed evidence thoroughly demonstrates that summary judgment in favor of ThermoLife is appropriate.

RESPECTFULLY SUBMITTED this 29th day of April, 2013.

KERCSMAR & FELTUS PLLC

By  *s/ Gregory B. Collins*
Gregory B. Collins
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
*Attorneys for Plaintiffs Ron Kramer, Sal Abraham, and ThermoLife International LLC*

## CERTIFICATE OF SERVICE

I certify that on April 29, 2013, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following.

Thomas DeGroot
LAW OFFICES OF THOMAS DEGROOT, LLC
7733 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
tom@degrootlaw.net
*Attorney for Defendant Creative Compounds, LLC*

Maria Crimi Speth
Adam S. Kunz
JABURG & WILK, P.C.
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
mcs@jaburgwilk.com
ask@jaburgwilk.com
*Attorneys for Creative Compounds, LLC*

 s/ Gregory B. Collins