**Thomas DeGroot (admitted *pro hac*)**
**LAW OFFICES OF THOMAS DEGROOT, LLC**
1926 Chouteau Ave,
Saint Louis, MO 63103
Telephone: (314) 449-6616
Facsimile: (314) 726-7607
tom@degrootlaw.net

**Maria Crimi Speth**
**Adam S. Kunz**
**Jaburg & Wilk, P.C.**
**3200 N. Central Ave., Suite 2000**
**Phoenix, AZ 85012**

**Attorneys for Defendant Creative Compounds, LLC**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ron Kramer, an Arizona resident; Sal Abraham, a Florida resident; ThermoLife International LLC, an Arizona limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>Creative Compounds LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 2:11-cv-1965-PHX-JAT (Lead)<br>2:11-cv-2033-PHX-JAT (Cons)<br><br>**DEFENDANT CREATIVE COMPOUNDS LLC'S OBJECTION TO PLAINTIFFS' BILL OF COSTS AND MEMORANDUM OF BILL OF COSTS** |
| Creative Compounds LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Ron Kramer, an Arizona resident; and Sal Abraham, a Florida resident,<br><br>Defendants. | |

Comes now, Creative Compounds, LLC ("Creative"), and for its objection to Plaintiffs' Bill of Costs (DE 83) and Memorandum of Bill of Costs (DE 84), states as follows:

1

Law Offices of Thomas DeGroot, LLC
7733 Forsyth Blvd., Suite 1100
Saint Louis, MO 63105
(314) 296-6070

Law Offices of Thomas DeGroot, LLC
7733 Forsyth Blvd., Suite 1100
Saint Louis, MO 63105
(314) 296-6070

1   Pursuant to LRCiv 54.1(4), a party is entitled to an award of costs only if it is the

2   prevailing party. "Plaintiffs may be considered '**prevailing parties**" . . .if they succeed

3

4   on any significant issue on litigation which achieves some of the benefit the **parties**

5   sought in bringing the suit." *Texas State Teachers Assn. v. Garland Independent School*

6   *District,* 489 U.S.782, 789, 109 S.Ct. 1486, 1492 (1989)(bold print original).   More

7   specifically, "respect for ordinary language requires that a plaintiff receive at least some

8

9   relief on the merits of his claim before he can be said to **prevail."** *Supra,* at 792. (bold

10  print original).   At a minimum, "to be considered a **prevailing party . . .,** the plaintiff

11  must be able to point to a resolution of the dispute which changes the legal relationship

12  between itself and the defendant." *Id.*      While *Texas State Teachers* concerned

13

14  interpretation of what was meant by the term "prevailing party" within the context of an

15  action for violation of civil rights under 42 U.S.C. § 1983 and other federal fee shifting

16  provisions, its logic and plain language also apply to the meaning of "prevailing party," as

17  that term is used in Local Rule 54.1(d).

18

19  In the main case, Plaintiffs filed a Complaint comprising four counts.   Count I of

20  Plaintiffs' Complaint sought damages and injunctive relief against Defendant for patent

21  infringement.  The Court dismissed Count I of Plaintiffs' Complaint.  (DE 81).  Count II

22  of   Plaintiffs' Complaint sought damages and injunctive relief against Defendant for

23  inducing others to infringe Plaintiffs' patent.   The Court granted Summary Judgment

24

25  against Plaintiff in favor of Defendant on Count II of Plaintiffs' Complaint.  (DE 81).

26  Count III of Plaintiffs' Complaint sought damages and injunctive relief against Defendant

27  for contributory infringement.  The Court dismissed Count III of Plaintiffs' Complaint.

28

Law Offices of Thomas DeGroot, LLC
7733 Forsyth Blvd., Suite 1100
Saint Louis, MO 63105
(314) 296-6070

Count IV of Plaintiffs' Complaint asserted a claim for false representations under the Lanham Act. (DE 81). The Court dismissed Count IV of Plaintiffs' Complaint, with each party to bear their own costs and fees as to Count IV. (DE 80). Plaintiffs, therefore, did not receive any of the relief they sought when they filed their Complaint. In no way can Plaintiffs be considered a prevailing party. They are, therefore, not entitled to an award of costs.

Plaintiffs may argue that they are entitled to costs because in the consolidated case, they won summary judgment on Creative's claim that Plaintiffs' patent is invalid. That position is without merit for at least two reasons. First, as the Supreme Court stated, at a minimum, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.*   Plaintiffs cannot point to such a resolution. The Court merely dismissed Creative's claims that Plaintiffs' patent was invalid. (DE 81). But, it did not enter any damages award against Creative, it did not issue any injunction against Creative, and it did not find that Creative had infringed the patent in any way. A simple declaration that Creative's claim that Plaintiffs' patent was invalid was, in the Court's opinion, without merit does nothing to alter the relationship between the parties. Thus, even though judgment on Creative's claims were technically entered in favor of Plaintiffs, they fail to meet any of the criteria to qualify as a "prevailing party."

Secondly, even though Plaintiffs prevailed on Creative's claims, Creative prevailed on all Plaintiffs' claims. Clearly, neither side is a "prevailing party" entitled to an award of costs under LRCiv 54.1(d).

Finally, Plaintiffs' Bill of Costs and Memorandum of Cost is defective because it does not separate out the portion of those costs dedicated to Plaintiffs' pursuit of Count IV, its false advertising claims. The Court dismissed Count IV of Plaintiffs' claims, with the order that each party was to bear its own costs and fees. By failing to segregate and separate out those pages of the deposition transcripts addressing the issues raised by Count IV of their Complaint (and their associated fees), Plaintiffs seek to recover some costs the Court has said they must bear. Further, to the extent the deposition testimony related to Creative's alleged infringement of Plaintiffs' patent, or its efforts to induce others to infringe it, or contribute to others infringing it, Plaintiffs seek recovery of costs on their claims, which they lost. Unrelated claims based on different facts and legal theories must be treated as separate lawsuits and no award may be had where plaintiff has not achieved complete success. *Texas State Teachers Ass'n*, at 789. Plaintiffs do not even attempt to limit the costs they seek to recover to those costs strictly associated with defending against Creative's claim that Plaintiffs' patent was invalid. Plaintiffs have, therefore, provided the Clerk with no basis on which to make a rationale decision on what portion of the costs that Plaintiffs seek to recover might they even be entitled to receive, if they were deemed a "prevailing party" (which they are not).

Because Plaintiffs are not a "prevailing party," they are not entitled to an award of costs. Further, because Plaintiffs have failed to separate out those portions of the costs associated with prevailing on Creative's claim from those costs associated with their own failed claims, the Clerk should deny Plaintiffs' request for costs.

Dated:  January 23, 2014

/s/ Thomas DeGroot
Thomas J. DeGroot (admitted *pro hac vice*)
LAW OFFICES OF THOMAS DEGROOT, LLC
1926 Chouteau Ave.
Saint Louis, MO 63103
314-449-6616
314-726-7607 (fax)
tom@degrootlaw.com

Maria Crimi Speth
Adam S. Kunz
Jaburg & Wilk, P.C.
3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2014, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Gregory B. Collins (#023158)
Jenessa G. B. Coccaro (#027090)
KERCSMAR & FELTUS PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
gbc@kflawaz.com
jbc@kflawaz.com
Counsel for Defendant

By:___/s/ Thomas DeGroot_____