Thomas DeGroot (admitted *pro hac*)
LAW OFFICES OF THOMAS DEGROOT, LLC
7733 Forsyth Blvd.
Suite 1100
Saint Louis, MO 63105
Telephone: (314) 296-6070
Facsimile: (314) 296-6001
tom@degrootlaw.net

Maria Crimi Speth (012574)
Adam S. Kunz (018827)
Jaburg & Wilk, P.C.
3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012
Telephone: (602) 248-1000
mcs@jaburgwilk.com
ask@jaburgwilk.com

Attorneys for Defendant Creative Compounds, LLC

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ron Kramer, an Arizona resident; Sal Abraham, a Florida resident; ThermoLife International LLC, an Arizona limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>Creative Compounds LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 2:11-cv-1965-PHX-JAT (Lead)<br>2:11-cv-2033-PHX-JAT (Cons)<br><br>**CREATIVE COMPOUNDS, LLC's RESPONSE TO PLAINTIFFS' RON KRAMER AND SAL ABRAHAM'S MOTION FOR AWARD OF ATTORNEYS' FEES AND NON-TAXABLE EXPENSES (DE 82)** |
| Creative Compounds LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Ron Kramer, an Arizona resident; and Sal Abraham, a Florida resident,<br><br>Defendants. | |

1

Comes Now, Creative Compounds, LLC, ("Creative"), and for its Response to Ron Kramer and Sal Abraham's Motion for Award of Attorneys' Fees and Non-Taxable Expenses, and states as follows:

## I.   INTRODUCTION

In a case where every party lost every single claim they brought, Plaintiffs seek an award of attorneys' fees and non-taxable costs pursuant to 35 U.S.C. § 285, which requires that the Court first find that this was an exceptional case. If the Court determines that this case is exceptional (and it is not), the Court would then have to determine that Plaintiffs were prevailing parties, despite the fact that they did not prevail on a single claim for which they sought affirmative relief.

## II.   FACTUAL BACKGROUND

On October 7, 2011, Plaintiffs filed their Complaint in this matter, charging Creative with infringement of U.S. Patent No. 7,919,533 (the '533 Patent), inducing third parties to infringe the '533 Patent, contributing to the infringement by others of the '533 Patent, and false advertising under the Lanham Act. *See* DE 1. In response, Creative denied Plaintiffs' allegations and raised as an affirmative defense the invalidity of the '533 Patent under 35 U.S.C. §§ 101, 102, 103, and 112. *See* DE 11.[1]

In this case, no discovery disputes were presented to the Court. There were no motions to compel, no motions for sanctions, no motions to make pleadings more definite and certain, no Rule 11 motions (indeed, neither party sent the other a Rule 11 letter), or any other motions where either party claimed that the other party was engaged in frivolous litigation, engaged in litigation or discovery misconduct, or acting in bad faith.

That Plaintiffs' infringement and false advertising action was central to the goals it was trying to accomplish in this litigation is illustrated by the fact that they did not dismiss any of their claims, leaving themselves with only the defense of Creative's claims of

---

[1] A Complaint for Declaratory Judgment that Creative filed in Missouri seeking a declaration that the '533 Patent was invalid was consolidated with the Complaint for patent infringement brought by Plaintiffs. It raised no issues regarding the invalidity of the '533 Patent different from the affirmative defenses disclosed in Creative's Answer.

invalidity. Indeed, on December 16, 2011, Plaintiffs made their first settlement demand in this matter. *See* letter from Gregory B. Collins to Adam Kunz, dated December 16, 2011, attached hereto as Exhibit A. As Plaintiffs continually said throughout the pendency of this matter, they believed that "Plaintiffs will prevail at trial." Plaintiffs went on to demand from Creative $15,000.00 in attorneys' fees and costs, another $15,000.00 as nominal damages, an affirmation from Creative that the '533 Patent was valid, and a requirement that Creative enter into a consent judgment affirming the validity of the '533 Patent and agreeing not to infringe the patent. *See* Exhibit A, at p. 2.

On January 6, 2012, Mr. Collins sent Thomas DeGroot, Creative's new lead counsel, an email informing him that unless Creative responded to Plaintiffs' demand by the end of the day, the offer would expire. *See* email from Greg Collins to Tom DeGroot, dated January 6, 2012, attached hereto as Exhibit B. Believing Plaintiffs' claims were without merit, Creative rejected Plaintiffs' demand.

On January 27, 2012, the parties filed their Joint Case Management Report. *See* DE 19. In it, Creative made abundantly clear that "Creative has not sold any products that fall within the scope of the '533 Patent." *See* DE 19, at p.4. Indeed, Creative expressly claimed that it "has never sold DIAC, does not offer it for sale, and does not import or export DIAC." *Id*. Further, regarding the invalidity of the '533 Patent, Creative expressly stated that DIAC was known to others in the United States before the date of the claimed invention by [Plaintiffs]. *Id*. That Creative claimed prior public knowledge of Plaintiffs' claimed invention was made early in this case and consistently throughout its prosecution.

Despite knowing that Creative had sold no product infringing the '533 Patent, Plaintiffs again relied on their infringement and false advertising claims when they served Creative with another settlement demand. Again, Plaintiffs demanded payment of $30,000.00, and entry of a permanent injunction whereby Creative acknowledged the validity of the '533 Patent and was barred from selling "the patented invention." *See* letter from Gregory Collins to Thomas DeGroot, dated May 16, 2012, attached hereto as Exhibit C. On May 28, 2012, Creative rejected Plaintiffs' proposal and noted that

Plaintiffs had no damages. *See* email from Thomas DeGroot to Gregory Collins, dated May 28, 2012, attached hereto as Exhibit D.

On July 5, 2012, Creative notified Plaintiffs that in late fall and early winter of 2000-2001, Derek Cornelius had discussed DIAC with Francisco Tabak and by approximately February 2001, Mr. Cornelius had received from Francisco Tabak an approximately 5 to 10 gram sample of DIAC. *See* Defendant's Response to Plaintiffs' First Set of Interrogatories, attached hereto as Exhibit E, at p. 3.[2] Significantly, Plaintiffs admitted that Mr. Cornelius received that sample of DIAC. *See* DE 58, at p. 8, par. 13.

Continuing a theme adopted in their motions for summary judgment, throughout their motion for attorneys' fees, Plaintiffs take aim at Cornelius' testing results for DIAC, labeling them anecdotal and woefully inadequate. Plaintiffs, however, are shooting at the wrong target.

The '533 Patent does, indeed, include a number of method claims. For example, claims 1 through 10 and claim involve methods of promoting lean muscle mass in human individuals having a body mass index of at least 25. However, the only claim on which Plaintiffs sought summary judgment on their claims of infringement, contributory infringement, and inducing infringement was claim 11. The only claim for which Creative sought summary judgment of invalidity was claim 11. Claim 11 is a straightforward composition claim; it requires no use of the claimed subject for anything.

Claim 11 merely reads "[a] dietary supplement comprising diiodothyroacetic acid [DIAC]." *See* DE 54-6, col. 6. Plaintiffs themselves defined DIAC as a composition that could be sold as a "dietary supplement" 'because it had never been investigated or sold as a new drug." *See* DE 54-6, at col. 4, line 28-31. Thus, when, as Plaintiffs admit, Cornelius obtained by February 11, 2001 (at least two years before Plaintiffs' claimed invention of DIAC), a sample of DIAC from Tabak, Creative had in its possession subject matter that met all the limitations contained in claim 11 of the '533 Patent. With

---

[2] Creative served its Response on July 5, 2012. It, however, was unable to obtain a notarized signature of its president until July 9, 2012, which it promptly sent to Plaintiffs.

Plaintiffs' admission, the issue of whether Creative needed any further proof corroborating its public possession of DIAC prior to Plaintiffs' supposed invention was withdrawn from the case and was conclusively binding on the Court; Creative needed no further corroboration. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). And, because Cornelius was a member of the public, not under the control of Plaintiffs, his possession of DIAC constituted public knowledge of the claimed invention before the invention thereof by Plaintiffs. *Minnesota Min. & Mfg. Co. v. Cheque, Inc.*, 303 F.3d 1294, 1301 (Fed. Cir. 2002). At a minimum, Creative had a good faith basis for making that claim.

Distinct from Creative's public knowledge of DIAC as a dietary supplement long before Plaintiffs supposedly invented it, was Creative's claim that it had publicly offered DIAC for sale before Plaintiffs' supposed invention of it. While case law does suggest that for those who claim to be inventors contemporaneous physical corroborating evidence is preferred, corroboration can be sufficiently supplied by the testimony of others. *Price v. Symsek*, 988 F.2d 1187 (Fed. Ci. 1993). Here, Creative did not seek to invalidate the '533 Patent by claiming to be a prior inventor. It did, however, claim that it offered DIAC to sale to the general public as a substitute for TRIAC, a weight-loss product. And, it did so principally through the testimony of a witness hostile to Creative. *See* DE 66, at 14-18; DE 54, at ¶¶ 11 and 18. Again, at a minimum, Creative's invalidity defense had a good faith basis in the facts and the existing law.

### III. PLAINTIFFS HAVE FAILED TO SHOW THAT THIS IS AN EXCEPTIONAL CASE UNDER 35 U.S.C. § 285

The power to award attorneys' fees under 35 U.S.C. § 285 is to be strictly construed. *CTS Corp. v. Electric Materials Corp. of America*, 476 F. Supp. 144 (S.D.N.Y. 1979). Attorneys' fees should be awarded in patent cases only in extraordinary cases. *Purer & Co., v. Aktiebolaget Addo*, 410 F.2d 871 (9th Cir. 1969). A case qualifies as being exceptional under § 285 only when the prevailing party can show by clear and

convincing evidence that the other party pursued claims that were frivolous, objectively baseless, or where a party engaged in bad faith misconduct. *MarcTec, LLC v. Johnson & Johnson, et al.*, 664 F.3d 907 (Fed. Cir. 2012); *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersystem GmbH*, 603 F.3d 943 (Fed. Cir. 2010); *Reactive Metals and Alloys Corp. v. ESM, Inc.*, 769 F.2d 1578 (Fed. Cir. 1985).

Unable to point to any court order that Creative disobeyed or any litigation position taken by Creative that was unsupported by existing case law or that was objectively baseless, Plaintiffs make their argument that this is an exceptional case on two principal grounds: Creative refused to settle this case even though Plaintiffs finally withdrew their monetary demands; and Creative's loss in another patent case shows that it has a history of challenging patents on shaky grounds. Plaintiffs' claims are risible.

For the proposition that Creative engaged in litigation misconduct, Plaintiffs cite no Court Order that Creative disobeyed and no discovery misconduct in which Creative supposedly engaged. Plaintiffs do not dispute that claim 11 of the '533 Patent is a composition claim and that Creative possessed it prior to Plaintiffs' claimed invention. Finally, Plaintiffs do not dispute that *Price v. Symsek, supra,* stands for the proposition that Creative had the right to try to show corroboration through the testimony of others of its public offers for sale of DIAC prior to Plaintiffs claimed invention. Simply because the Court disagreed with Creative does not mean that Creative's defense of Plaintiffs' infringement and false advertising claims and assertion of that the '533 Patent was frivolous or made in bad faith.

Plaintiffs' reliance of settlement communications between counsel as proof that this was an extraordinary case is itself extraordinary. Federal Rule of Evidence 408 unequivocally bans the use of statements made in settlement proposals or discussions to prove liability or a claim. Here, that is precisely what Plaintiffs are trying to do--they are seeking to use statements made by Creative's counsel in settlement discussions as a basis to impose liability on Creative for an award of attorneys' fees.

In *Rein v. Socialist People's Libyan Arab Jamahiriya*, 568 F.3d 345 (2nd Cir. 2009), the trial court accepted evidence made in a settlement letter as to the reasonableness of a fee proposal as a basis for finding that the subsequent opposition to the fee proposal by the author of the letter was disingenuous. On appeal, the Second Circuit wholly rejected that approach, stating that nothing in Rule 408 supports use of statements made in settlement discussions "to support a finding on the merits of the dispute of the adverse to that party." *Id*, at 352. To hold otherwise would be to discourage parties from having frank and open settlement discussions. *See also, In re Fine Paper Antitrust Litigation*, 751 F.2d 562, 584 (3d Cir. 1984). Statements made by Creative as part of settlement discussions should be rejected as providing any basis for finding that this case qualifies as being exceptional.

Even if the Court were to allow settlement discussions as some evidence of the parties' good faith in pursuing litigation, at best the ones in this case are neutral. From December 2011 through August 23, 2012, Plaintiffs always demanded money from Creative to settle this matter, even though their infringement and false advertising claims were without merit. *See* Exhibits A and C. Finally, on August 26, 2012, Plaintiffs dropped their demand for money, but continued to demand that Creative stipulate to the entry of an permanent injunction barring infringement of the '533 Patent and acknowledging the validity of the '533 Patent. *See* email from Gregory Collins to Thomas DeGroot, dated August 26, 2012, attached hereto as Exhibit F. At no time did Plaintiffs formally propose any deal that did not involve Creative either agreeing to an injunction or stipulating to not selling product that Plaintiffs contend infringed the '533 Patent. As set out above, Creative had good faith basis for its contention that the '533 Patent was invalid. It was not required to acquiescence to Plaintiffs' demands and walk away from that position. It is true that, at one point, Creative did propose settlement of this matter under terms that involved Plaintiffs paying money to Creative. That demand was logically related to Creative's good-faith belief that Plaintiffs were using an invalid patent to keep Creative from selling a profitable product. Settlement negotiations often

encompass issues not raised by the formal pleadings in an action. Thus, simply because Creative did not seek an award of damages in this case does not mean that its request for money to settle the matter evidences bad faith or other similar misconduct sufficient to support a finding that this case is an exceptional one.

The cases cited by Plaintiffs in support of their motion, *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547 (Fed. Cir. 1989); *Kellogg v. Nike, Inc.*, 2009 WL 3165529 (D. Neb. Sept. 2009), and *Eon-Net LP V. Flagstar Bancorp*, 653 F.3d 1314 (Fed. Cir. 2011), *cert. denied*, 132 S. Ct 2391, 182 L.Ed. 2d 1020 (U.S. 2012), all involved situations where a party either ignored multiple court orders, took positions in court even after the court had determined those positions were without merit, committed multiple discovery abuses, constantly shifted positions during the course of a case so that the opposing party could not determine what claims it faced, or engaged in a pattern of filing dozens of similar claims without merit only to strike bargain-basement settlements. No such conduct has occurred in this case; Plaintiffs' cited cases are, therefore, inapposite.

Plaintiffs also cite to *Creative Compounds, LLC v. Starmark Labs, Inc.*, 651 F.3d 1303 (Fed. Cir. 2011) for the proposition that Creative has a history of challenging competitor's patents on shaky invalidity grounds, supposedly for the proposition that the Court needs to put a stop to such conduct. Attached hereto as Exhibit G is a copy of the District Court's summary judgment opinion that was affirmed, in part, by the Federal Circuit. As is readily ascertainable, the trial court based its opinion almost entirely on the failure of Creative's counsel to timely provide an expert report that was necessary to the validity analysis. In fact, evidence existed that showed that Creative had reduced to practice the invention claimed by Starmark prior to Starmark's supposed invention of the subject matter. It was not that Creative's invalidity grounds were shaky; it was Creative's counsel's malpractice in failing to meet deadlines that cost it that case. Creative has pending a malpractice action against its former counsel for his gross failure to comply with court imposed deadlines. *See* Petition, attached hereto as Exhibit H. In any event

one unsuccessful attempt to invalidate a competitor's patent does not a pattern, such as was present in *Eon-Net*, make.

Almost all of Plaintiffs' claim that this matter qualifies as exceptional rests on settlement discussions inadmissible under Rule 408. The Court should properly ignore those discussions. Further, even if the Court considers those discussions, nothing about them suggests that Creative's claims were frivolous, objectively baseless or maintained in bad faith. Plaintiffs' reference to the *Starmark* matter is a red herring and wholly fails to show that Creative systematically pursues baseless claims of invalidity against competitor's patents. For those reasons, Plaintiffs' request that the Court find this case to be exceptional should be denied.

## IV.   PLAINTIFFS ARE NOT THE PREVAILING PARTY

Even if the Court determines that this case is exceptional (and it is not), Plaintiff is not the prevailing party. "[R]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to **prevail**." *Texas State Teachers Assn. v. Garland Independent School District*, 489 U.S. 782, 792, 109 S. Ct. 1486 (1989)(bold print original). At a minimum, "to be considered a prevailing party . . ., the plaintiff must point to a resolution of the dispute which changes the legal relationship between itself and the defendant. *Id.*

In the main case, Plaintiffs filed a Complaint comprising four counts. Count I of Plaintiffs' Complaint sought damages and injunctive relief against Defendant for patent infringement. The Court dismissed Count I of Plaintiffs' Complaint. (DE 81). Count II of Plaintiffs' Complaint sought damages and injunctive relief against Defendant for inducing others to infringe Plaintiffs' patent. The Court granted Summary Judgment against Plaintiff in favor of Defendant on Count II of Plaintiffs' Complaint. (DE 81). Count III of Plaintiffs' Complaint sought damages and injunctive relief against Defendant for contributory infringement. The Court dismissed Count III of Plaintiffs' Complaint. Count IV of Plaintiffs' Complaint asserted a claim for false representations under the Lanham Act. (DE 1). The Court dismissed Count IV of Plaintiffs' Complaint, with each

party to bear their own costs and fees as to Count IV. (DE 80). Plaintiffs, therefore, did not receive any of the relief they sought when they filed their Complaint. In no way can Plaintiffs be considered a prevailing party. They are, therefore, not entitled to an award of costs.

Plaintiffs argue that they are entitled to costs because in the consolidated case, they won summary judgment on Creative's claim that Plaintiffs' patent is invalid. That position is without merit for at least two reasons. First, as the Supreme Court stated, at a minimum, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.* Plaintiffs cannot point to such a resolution. The Court merely dismissed Creative's claims that Plaintiffs' patent was invalid. (DE 81). But, it did not enter any damages award against Creative, it did not issue any injunction against Creative, and it did not find that Creative had infringed the patent in any way. A simple declaration that Creative's claim that Plaintiffs' patent was invalid was, in the Court's opinion, without merit does nothing to alter the relationship between the parties. Thus, even though judgment on Creative's claims was technically entered in favor of Plaintiffs, they fail to meet any of the criteria to qualify as a "prevailing party."

In a case where a patent holder asserts infringement claims against a competitor, but loses them, while the competitor loses its claims that the patents are invalid, neither party prevailed as required to be a prevailing party entitled to fees and costs. *Silicon Graphics, Inc. v. ATI Technologies, Inc.*, 569 F. Supp. 2d 819 (W.D. Wisc. 2008), *aff'd.*, 607 F.3d 784 (Fed. Cir. 2010). The *Kellogg* case cited by Plaintiffs is wholly inapposite. In *Kellogg*, even though Kellogg did not prevail on its infringement claims, the court

determined that it was the prevailing party because Nike continuously pursued frivolous claims of invalidity after the trial court had already ruled against it on those claims. Despite the court already having determined that Nike's invalidity claims were without merit, Nike argued them to the jury, ignored the Court's claim construction rulings and otherwise engaged in misconduct. *See Kellogg v. Nike*, 2009 WL 3165529 (D. Neb. Sept. 2009). That justified the court's determination that Kellogg was a prevailing party. Nothing close to those circumstances are present in this case.

This is really a very simple matter. Plaintiffs brought claims for patent infringement, inducing others to infringe Plaintiffs' patents, contributory infringement, and false advertising. Plaintiffs voluntarily dismissed in false advertising claim. The Court dismissed Plaintiffs other claims. Creative sought to have the '533 Patent declared invalid. It lost that claim. Neither party qualifies as a prevailing party for purposes of an award of attorneys' fees and non-taxable costs, either under 35 U.S.C. § 285, or Local Rule 54.2.

**V.     PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS IS DEFECTIVE BECAUSE IT DOES NOT COMPLY WITH THE LOCAL RULES AND SEEKS TO RECOVER FEES ON MATTERS ON WHICH IT DID NOT PREVAIL.**

**A.     Plaintiffs' Claim For Attorneys' Fees and Non-Taxable Costs Fails to Comply with LRCiv 54.2**

Local Rule 54.2 requires "a complete copy of any written fee agreement, or a full recitation of any oral fee agreement, must be attached to the supporting memorandum. If no fee agreement exists, then counsel must attach a statement to that effect." *See* LRCiv 54.2 (d)(2). Plaintiffs' counsel has attached neither the required fee agreement nor any

statement to the effect that no fee agreement exists.

Further, pursuant to Local Rule 54.2 (f), counsel is required to attach receipts for expenses for which it seeks reimbursement. On almost every invoice, Plaintiffs seek recovery of computer research charges (Westlaw), but attach no receipts for same. The same is true for car rental expenses and expert fees for which they seek reimbursement. Failure to include a receipt for each expense for which Plaintiffs seek recovery provides grounds for denying an award of any of them.

### B. Plaintiffs Seek Recovery of Fees and Non-Taxable Costs on Claims On Which They Did Not Prevail.

When Plaintiffs dismissed Count IV of its Complaint (in which they alleged that Creative engaged in false advertising), they agreed to bear their own costs and attorneys' fees relating to that claim. *See* DE 80. Yet throughout their invoices, Plaintiffs fail to allocate any of their claimed fees and costs to Count IV. So, for example, in their invoices, they seek to recover all amounts associated with working in drafting Plaintiffs' Complaint. *See* DE 82-1, at pp. 8 and 11. At least some of that work had to relate to Count IV, yet Plaintiffs improperly seek recovery of all of it. The same is true for Plaintiffs work on its first request for production of documents and interrogatories. *See* DE 82-1, at p.26. In fact, Plaintiffs failure to allocate fees and costs to Count IV, for which it agreed to bear, contaminates Plaintiffs' entire fee request, leaving Creative and the Court to speculate on how much time and cost was devoted to Count IV and how much time was devoted to the other issues in the case.

Further, when attorneys' fees are awarded to a prevailing party, they are awarded only to the extent that the party prevailed. *Pennsylvania v. Delaware Valley Citizens'*

*Council for Clean Air*, 483 U.S. 711, 715 (1986). Here, if the Court determines that Plaintiffs are the prevailing party (and it should not), they prevailed only to the extent of defending against Creative's claims of invalidity. They are not entitled to recover any attorneys' fees and costs associated with their Complaint, on which they lost all issues. Thus, Plaintiffs should not recover attorneys' fees and costs associated with drafting their Complaint, drafting interrogatories and document requests, researching issues relating to their complaint, taking depositions (since at least some of that time concerned questioning witnesses about issues concerning infringement, sales, and advertising), working on disclosure statements, drafting Plaintiffs' summary judgment motion that Creative infringed the '533 Patent, drafting settlement letters (which necessarily involved all claims), or retaining a potential liability expert (see DE 82-1, p. 60). Plaintiffs' total failure to make any attempt to allocate and limit its claimed fees and costs to those associated with defense of Creative's invalidity defense makes it next to impossible for Creative to tease out and object with specificity to the reasonableness of those fees and costs. Indisputably, however, it is wholly unreasonable for Plaintiffs to seek to recover fees and expenses on claims on which it did not prevail. Because Plaintiff failed to limit its claims only to defense of Creative's invalidity defense or to allocate any fees and costs to Count IV, the Court should reject as unreasonable Plaintiffs' fee requests and its request for non-taxable costs.

## VI.   CONCLUSION

Plaintiffs have failed to show how this case is any different than the run-of-the-mill patent case. Its attempt to rely on inadmissible settlement communications to qualify this

case as exceptional should be rejected. Even if this is an exceptional case, Plaintiffs are not the prevailing party. They lost on all the claims they brought. On Creative's claim that the '533 Patent was invalid, nothing about the Court's ruling changed the relationship between the parties. Simply put, neither party qualifies as a prevailing party in this matter. Further, Plaintiffs' attorney fee application is defective for a host of reasons. It fails to meet the requirements of Local Rule 54.2. It fails to allocate any of the fees and costs to Count IV, the fees and costs of which it agreed to bear. Finally, it seeks to recover on matters relating to claims it lost; it is limited in no way to defense of Creative's invalidity claim. For all the foregoing reasons, Creative respectfully requests that the Court deny Plaintiffs' motion for an award of attorneys' fees and non-taxable costs.

Dated: February 12, 2014                LAW OFFICES OF THOMAS DEGROOT, LLC

/s/
Thomas J. DeGroot (admitted *pro hac vice*)
LAW OFFICES OF THOMAS DEGROOT, LLC
1926 Chouteau Avenue
Saint Louis, MO 63103
314-449-6616
314-621-7607 (fax)
tom@degrootlaw.com
Attorneys for Defendant Creative Compounds, LLC

Law Offices of Thomas DeGroot, LLC
7733 Forsyth Blvd., Suite 1100
Saint Louis, MO 63105
(314) 296-6070

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2014, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Gregory B. Collins (#023158)
Eric B. Hull (#023934)
KERCSMAR & FELTUS PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
gbc@kflawaz.com
ebh@kflawaz.com
Counsel for Plaintiffs Ron Kramer, Sal Abraham,
and ThermoLife International LLC

By: _____/s/_____
Thomas J. DeGroot