Gregory B. Collins (#023158)
Eric B. Hull (#023934)
KERCSMAR & FELTUS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
gbc@kflawaz.com
ebh@kflawaz.com

Attorneys for Plaintiffs Ron Kramer, Sal Abraham, and ThermoLife International LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ron Kramer, an Arizona resident; Sal Abraham, a Florida resident; ThermoLife International LLC, an Arizona limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>Creative Compounds LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 2:11-cv-01965-PHX-JAT (Lead)<br>2:11-cv-02033-PHX-JAT (Cons)<br><br>**RON KRAMER AND SAL ABRAHAM'S SUPPLEMENTARY MOTION FOR AWARD OF ATTORNEYS' FEES AND NON-TAXABLE EXPENSES INCURRED DURING CREATIVE'S APPEAL** |
| Creative Compounds LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Ron Kramer, an Arizona resident; and Sal Abraham, a Florida resident,<br><br>Defendants. | |

Pursuant to Fed. R. Civ. P. 54, LRCiv 54.2, and 35 U.S.C. § 285, Defendants Ron Kramer and Sal Abraham (collectively, "Kramer") file this Supplementary Motion for an Award of Attorneys' Fees and Non-Taxable Expenses Incurred During Creative's Appeal. The Federal Circuit Court of Appeals affirmed this Court's Judgment (Dkt. #81),

1

"enter[ing judgment on] October 15, 2014, and pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure, the formal mandate is hereby issued [on November 21, 2014]." (Dkt. #112, Mandate (11/21/14).) After full briefing and oral argument, the Federal Circuit provided no substantive explanation for its ruling, issuing only a one sentence affirmation.

With Kramer's Amended Motion for Attorneys' Fees (Dkt. #98), filed June 9, 2014, still pending before this Court, Kramer now supplements that motion to also seek fees incurred on appeal. In doing so, Kramer incorporates all of his prior briefing and exhibits previously filed regarding attorneys' fees. (See Dkt. #82, 95, 98, 110 and related exhibits.) As demonstrated in previous briefing, this case as a whole is exceptional. In exceptional cases, Section 285 provides for the prevailing party's attorneys' fees incurred during an appeal. In this Supplementary Motion, Kramer seeks an award of attorneys' fees incurred in the amount of $28,563.00. This motion is supported by the attached Rule L.R. 54.2 Certification, and the Declaration of Gregory B. Collins (attached as Exhibit 1).

## I. RELEVANT FACTS

By this point the Court is likely very familiar with the factual background of this dispute so Kramer limits his discussion, to the extent possible, to recent events underlying this Supplementary Motion. Creative has never been able to produce sufficient evidence to support its invalidity claims. Early in the litigation, Kramer offered Creative the opportunity to walk away from the litigation without any money changing hands. (Dkt. #98-1 at Ex. 4.) Creative declined because, in its counsel's words, "**For a variety of reasons, attorneys' fees are simply not an issue for Creative. So, as Creative sees it, it has little to lose while retaining a relatively cost-free shot at invalidating the '533 Patent.**" (Dkt. #98-1 at Ex. 5 (emphasis added).) Instead, Creative offered to settle the case only if Kramer paid Creative, including a reverse royalty not even at issue in the case. (*Id.*)

Litigation continued for more than a year before this Court granted summary

judgment for Kramer on Creative's invalidity claim due to lack of evidence. Despite its utter lack of evidence, Creative forged ahead with an appeal. In front of the Federal Circuit, Creative advanced many of the same arguments that failed in front of this Court. (*See* Creative's Opening Brief, attached as Exhibit 2.)

But in a continuation of a theme before this Court, Creative once again shifted its theory of its case, incorporating brand new arguments of invalidity. At summary judgment, Creative sought to invalidate the '533 Patent based on two grounds: 1) prior public use and 2) the on-sale bar. For the first time on appeal, Creative argued that public knowledge forms the basis for invalidation. Of course, case law makes it clear that the various types of claims of invalidity are distinct. *See Minnesota Min. & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1306 (Fed. Cir. 2002) ("at most four types of invalidity based on § 102 are asserted in this case"); *see also Pac-Tec, Inc. v. Amerace Corp.*, 903 F.2d 796, 801-02 (Fed. Cir. 1990) ("In the face of this court's repeated condemnation of the practice of raising issues for the first time on appeal, and after a trial limited to its defenses under § 102(a) and (b), Pac–Tec blatantly argues a defense under § 102(g)"). The Federal Circuit did not find this new argument any more persuasive than those brought before this Court.

In addition, for the first time Creative argued that the '533 Patent was invalid due to "inherent anticipation." Creative never raised this argument in front of this Court and certainly did not present any evidence that "one of [DIAC's] inherent features was that it could be sold as a dietary supplement." Creative did not retain an expert to evaluate that statement.

The end result was the continuation of a meritless and vexatious litigation on appeal. But this Court need not look closely at the appellate record. Fees are appropriate here because the litigation as a whole was exceptional. To the extent the Court awards attorneys' fees (and it should), it should also award the attorneys' fees incurred on appeal.

## II. KRAMER IS ELIGIBLE AND ENTITLED TO RECOVER FEES INCURRED ON APPEAL.

### A. Legal Standard

Under the Patent Act, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Section 285 protects plaintiffs from abusive litigation as much as it does defendants: "Like patentees who assert infringement claims in bad faith, attorneys fees may be awarded against an accused infringer for asserting a defense in bad faith." 5 ANNOTATED PATENT DIGEST § 33:23. The Supreme Court ruled that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756, 188 L. Ed. 2d 816 (2014).

Importantly, "'[n]either § 285 nor its legislative history distinguishes between awarding attorney fees in the district court and in the appellate court.'" Therasense, Inc. v. Becton, Dickinson & Co., 745 F.3d 513, 516-17 (Fed. Cir. 2014) (quoting *Rohm & Haas Co. v. Crystal Chemical Co.*, 736 F.2d 688, 692 (Fed. Cir. 1984). "Indeed, § 285 does not bar the trial court from awarding fees for the entire case, including any subsequent appeals." *Id.* (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160, 110 S. Ct. 2316, 2320, 110 L. Ed. 2d 134 (1990) ("[I]t is appropriate to allow the district court discretion to determine the amount of a fee award, given its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'")).

In reviewing whether an award of fees for the appeal is appropriate, "'a case should be viewed more as an "inclusive whole" rather than as a piecemeal process when analyzing fee-shifting under § 285.'" *Id.* at 516 (quoting *Jean*, 496 U.S. at 161–62, 110 S.Ct. 2316, 110 L.Ed.2d 134 ("Any given civil action can have numerous phases. While

4

the parties' postures on individual matters may be more or less justified ... fee-shifting statutes[ ] favor [ ] treating a case as an inclusive whole, rather than as atomized line-items.")). In clarifying the case law, the dissenting judge in *Therasense* explained that the district court does not have to consider whether the appeal itself is exceptional. Instead, "for *our court* [in other words, the Federal Circuit] to award appellate fees, we must find the appeal itself to be exceptional." *Id*. at 519 (citing *Rohm & Haas*, 736 F.2d at 692) (J. Dyk dissenting) (emphasis in original). "But nothing in *Rohm & Haas* suggested that the *trial court* must find an appeal exceptional to award appellate fees." *Id*. (J. Dyk dissenting) (emphasis in original).

Here, Creative's utterly baseless and wasteful appeal is simply a continuation of its "relatively cost-free shot at invalidating the '533 Patent . . . ." This is exceptional.

### B.   Kramer is the Prevailing Party.

Kramer has argued forcefully and persuasively that he is the prevailing party in the litigation. "Determination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses." *Brooks Furniture*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) *abrogated on unrelated grounds by Octane Fitness*, 134 S. Ct. 1749 (U.S. 2014). As the United States Supreme Court held, "'[P]laintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'" *Texas State Teachers Ass'n v. Garland Independent School Dist.,* 489 U.S. 782, 789, 109 S.Ct. 1486 (1989) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933 (1983)).

The Federal Circuit's one sentence affirmation of this Court's summary judgment ruling only strengthens that position.

### C.   This Is an Exceptional Case.

Even judged alone, the appeal provides more evidence that this case is exceptional. "[A]n 'exceptional' case is simply one that stands out from others with respect to the

substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness*, 134 S. Ct. at 1756. The Court may consider "a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 1756 n.6 (quoting *Fogerty,* 510 U.S. 517, 114 S.Ct. 1023 (1994)).

In its appeal, Creative continued its trend of shifting the basis of its claim. As explained above, it presented two wholly new theories before the Federal Circuit. One, based on "inherent anticipation," was simply an amalgam of unrelated and irrelevant case law. The other, "public knowledge," was a deficient offshoot of an argument this Court rejected. Furthermore, Creative kept pressing its well-worn, scant evidence in support of these new theories. Clearly, the Federal Circuit found that these new theories were every bit as baseless as Creative's previous arguments in this Court. The Federal Circuit did not even see the need to explain why Creative was so wrong—it simply stamped this Court's ruling as "affirmed."

Creative's appeal served only to highlight why this case in its entirety is exceptional. Accordingly, the Court should grant Kramer's previous Amended Motion for Fees and grant this Supplementary Motion for Fees on Appeal.

**III.   THE FEES ARE REASONABLE**

In addition to the amounts previously requested, Kramer seeks an award of attorneys' fees in the amount of $28,563.00 incurred during the appeal process. Creative has never substantively disputed that Kramer's Counsels' rates or fees are unreasonable. Kramer's Counsel continued to charge the same rate for the appeal that they did during the first phase of this litigation. The accompanying Declaration of Gregory B. Collins

provides the billing entries for the appeal and the post-judgment aspects of the case. As detailed in the Amended Motion and Reply, the rates charged are reasonable given the work, market, and experience of counsel.

In addition, the number of hours Kramer's attorneys worked on the appeal (a total of 104.8 hours) is imminently reasonable in light of the tasks that litigating this case through appeal involved. Counsel had to review and consider supplementing the record on appeal, prepare a lengthy response brief for the appeal (which involved researching brand new theories), and had to travel to the Federal Circuit Court of Appeals for oral argument, and prepare for that oral argument.

## IV.  CONCLUSION

Creative's appeal only served to further demonstrate the vexatious nature of this litigation. When Creative's counsel stated "attorneys' fees are simply not an issue for Creative[,]" he clearly spoke the truth. Creative continued to present a "moving target" theory of its case while relying on nothing more than uncorroborated oral testimony. The Federal Circuit affirmed this Court's judgment without the need for any further explanation. This case is exceptional and, in addition to the previously requested fees, Kramer is entitled to fees incurred on appeal in the amount of $28,563.00.

RESPECTFULLY SUBMITTED this 12th day of December, 2014.

KERCSMAR & FELTUS PLLC

By  *s/Gregory B. Collins*
Gregory B. Collins
Eric B. Hull
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
*Attorneys for Plaintiffs Ron Kramer, Sal Abraham, and ThermoLife International LLC*

**CERTIFICATE OF SERVICE**

I certify that on December 12, 2014, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following.

Thomas DeGroot
LAW OFFICES OF THOMAS DEGROOT LLC
32 S. Elm Ave.
St. Louis, Missouri 63119
tom@degrootlaw.net
*Attorney for Defendant Creative Compounds LLC*

Maria Crimi Speth
Adam S. Kunz
JABURG & WILK PC
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
mcs@jaburgwilk.com
ask@jaburgwilk.com
*Attorneys for Creative Compounds LLC*

Copy sent via first class mail on December 12, 2014 to:

Nelson Nolte
NOLTE LAW FIRM
918 Pontoison Dr.
Manchester, MO 63021
*Appellate Counsel for Creative Compounds LLC*


*s/Gregory B. Collins*