**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ron Kramer, et al., | No. CV-11-01965-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Creative Compounds LLC, | |
| Defendant. | |

Pending before the Court are Plaintiffs' "Amended Motion for Award of Attorneys' Fees and Non-Taxable Expenses" (Doc. 98) and Plaintiffs' "Supplementary Motion for Award of Attorneys' Fees and Non-Taxable Expenses Incurred during [Defendant]'s Appeal." (Doc. 113). The Court now rules on the motions.

Plaintiffs seek an award of $81,508.00 in its motion for attorneys' fees (Doc. 98 at 2) as well as an additional award of $28,563.00 incurred in defending against Defendant's appeal. (Doc. 113 at 2). The parties dispute whether the case is "exceptional" under 35 U.S.C. § 285 ("§ 285"), whether Plaintiffs are the prevailing party under § 285, whether Plaintiffs' motion is defective because it does not comply with the Local Rules, whether the attorneys' fees claimed are reasonable, and whether Plaintiffs are entitled to attorneys' fees and expenses on appeal. (Doc. 98 at 8, 9, 13; Doc. 113).

**I.     Background**

Assuming familiarity with the factual and procedural history of this action, the Court will recount only those aspects of this litigation that are relevant to the pending issue of attorneys' fees and costs. *See Kramer v. Creative Compounds LLC*, 2013 WL

6048804, at *1–8 (D. Ariz. 2013).

At issue in this case is Plaintiffs' U.S. Patent No. 7,919,533 ("'533 Patent"). Defendant initially filed a complaint seeking a declaratory judgment that Defendant did not infringe the '533 Patent and that the '533 Patent is invalid. *Id.* at *1. In response to Defendant's claim, Plaintiffs filed claims of direct, contributory, and induced infringement of the '533 Patent, and that Defendant falsely advertised its product. *Id.* On Defendant's claim, the Court found that the patent was not invalid. *Id.* at *6–7. The Court dismissed Plaintiffs' claims of direct and contributory patent infringement without prejudice for lack of ripeness, *id.* at *2–4, and the Court dismissed Plaintiffs' claim of induced patent infringement with prejudice due to lack of evidence of another direct infringer. *Id.* at *5. The Court also dismissed Plaintiffs' final claim, that Defendant falsely advertised its product in violation of 15 U.S.C. § 1125(a)(1)(B), without prejudice with both sides to bear their own attorneys' fees and costs pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(ii). (Doc. 79).

Plaintiffs now move for an award of attorneys' fees and non-taxable expenses. (Doc. 98). Plaintiffs further move for an award of attorneys' fees and non-taxable expenses incurred during Defendant's appeal (Doc. 113) after the Federal Circuit Court of Appeals affirmed this Court's judgment dismissing Defendant's claim that the '533 Patent is invalid. (Doc. 112 at 3; Doc. 81).

**II.   Plaintiffs' Motion for Award of Attorneys' Fees and Non-Taxable Expenses**

Plaintiffs request a total award of $110,071.00 in attorneys' fees and non-taxable expenses. (Doc. 98 at 2; Doc. 113 at 2). Defendant argues that the case is not "exceptional" under § 285, that Plaintiffs are not the prevailing party under § 285, that Plaintiffs' motion is defective because it does not comply with the Local Rules, and that the fees requested are unreasonable. (Doc. 109 at 10, 15, 17).

Both parties filed their claims within the Patent Act. Within the Act, § 285 provides in relevant part that "[t]he court in exceptional cases may award reasonable attorney fees to the *prevailing party*." 35 U.S.C. § 285 (emphasis added). Thus, whether

a party is a prevailing party is a threshold issue. *See Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996). "A plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992) (defining who the prevailing party was in the context of a civil rights case); *see also Manildra Milling Corp.*, 76 F.3d at 1182–83 (taking the Supreme Court's definition of prevailing party in *Farrar* and applying it to patent cases). A party does not have to prevail on all its claims to be considered a prevailing party, *Shum v. Intel Corp.*, 629 F.3d 1360, 1367–68 (Fed. Cir. 2010), and there does not have to be a prevailing party, *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 569 F. Supp. 2d 819, 833 (W.D. Wis. 2008) (finding neither party to be the prevailing party on the merits).

Although the facts in the present case are somewhat different than the facts in *Manildra*, the Court finds *Manildra* clarifying for the present case. In *Manildra*, the Federal Circuit Court of Appeals found that a party who successfully challenged several patents and won a declaration of invalidity was the prevailing party. *Manildra Milling Corp.*, 76 F.3d at 1183; *see also Shum*, 629 F.3d at 1370 ("[A] party that obtains an injunction, declaration of patent invalidity, or judgment of infringement gains 'significant latitude' and frequently a 'competitive edge' vis-à-vis the opposing party."). This is because a patent gives the right to exclude others from "making, using, or selling the patented invention." *Manildra Milling Corp.*, 76 F.3d at 1183. By invalidating the patents, the prevailing party was free to "practice an invention without fear of suit by the patentee," which "is a valuable commercial benefit." *Id.* "By removing the potential threat of the patentee instituting an infringement action, the competitor necessarily alters the patentee's subsequent behavior to his benefit." *Id.*

Here, neither party obtained an injunction, declaration of patent invalidity, or judgment of infringement. Plaintiffs successfully defended their patent against Defendant, but this defense did not alter the relationship between the parties. While

- 3 -

Plaintiffs' patent has now been tested by the Court, both parties are in the same position they were before the claims were brought. Plaintiffs still have a valid patent that can be used to exclude others, and Defendant may still be prosecuted for later infringement of the '533 Patent. Defendant's successful defense of Plaintiffs' claim for induced infringement of the '533 Patent further fortifies the point that neither party's behavior has been modified in any way that benefits the opposing party; the parties have returned to the status quo.

Furthermore, one side does not have to be a prevailing party. In *Silicon Graphics, Inc. v. ATI Technologies, Inc.*, the court held that neither side prevailed and neither side lost. *Silicon Graphics, Inc.*, 569 F. Supp. 2d at, 833. The plaintiff in *Silicon* lost its claim for infringement, but found the patent valid. *Id.* Although the defendant in *Silicon* learned that its product did not infringe the patent, the defendant was not able to prove the invalidity of the patent. *Id.* The present case is similar to *Silicon* in that Plaintiffs' patent is valid, and Defendant did not induce infringement of the patent. Therefore, like *Silicon*, neither side is the prevailing party under § 285.

Plaintiffs contend that the present case is similar to *Kellogg v. Nike, Inc.*, 74 Fed. R. Serv. 3d 1028 (D. Neb. 2009). (Doc. 98 at 9). The Court disagrees. In *Kellogg*, the court found that Nike continuously pursued frivolous claims; Nike's claims were without merit; and "Nike engaged in litigation misconduct during the trial." *Kellogg*, 74 Fed. R. Serv. 3d at *12. The court in *Kellogg* further found that "[i]n light of Nike's unjustified prosecution of the invalidity claim, its litigation misconduct and borderline abusive advocacy, costs cannot justly be assessed against Kellogg. Although Nike is the prevailing party with respect to infringement, Kellogg is the equivalent of a prevailing party with respect to the invalidity claim." *Id.* at *13. However, here, none of *Kellogg*'s facts are similar to the present case. The Court finds for only the purpose of determining a prevailing party that there has been no litigation misconduct nor abusive advocacy, Plaintiffs did not succeed with respect to their infringement claim, and Defendant did not succeed with respect to his invalidity claim. The Court does not find the facts of *Kellogg*

to be similar to the present case. Thus, the Court finds that Plaintiffs are not a prevailing party under § 285.

As stated above, whether Plaintiffs are the prevailing party is a threshold issue. *See Manildra Milling Corp.*, 76 F.3d at 1182. Therefore, because Plaintiffs are not a prevailing party, Court does not need to address whether Plaintiffs' claimed attorneys' fees are reasonable, whether this is an exceptional case, and whether Plaintiffs' motion is defective.

**III.   Supplementary Motion for Attorneys' Fees During Defendant's Appeal**

Plaintiffs also filed a "Supplementary Motion for Award of Attorneys' Fees and Non-taxable Expenses Incurred During [Defendant's] Appeal." (Doc. 113). This motion adds $28,563.00 to the fees and expenses already compiled. (Doc. 113 at 2).

As Plaintiffs state in their supplementary motion, "a case should be viewed more as an 'inclusive whole' rather than a piecemeal process when analyzing fee shifting under § 285." *Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 516 (Fed. Cir. 2014) (internal citation omitted). "Indeed, § 285 does not bar the trial court from awarding fees for the entire case, including any subsequent appeals." *Id.* at 516–17.

Taking the case as a whole, the denial of Defendant's appeal by the Federal Circuit Court of Appeals does not affect who prevails. Therefore, Plaintiffs' supplementary motion is also denied on the same grounds as Plaintiffs' initial motion for attorneys' fees and expenses.

**IV.   Conclusion**

Based on the foregoing,

/
/
/
/
/
/

1    **IT IS ORDERED** that Plaintiffs' "Amended Motion for Award of Attorneys'
2 Fees and Non-Taxable Expenses" (Doc. 98) is denied.
3    **IT IS FURTHER ORDERED** that Plaintiffs' "Supplementary Motion for Award
4 of Attorneys' Fees and Non-Taxable Expenses Incurred during [Defendant]'s Appeal"
5 (Doc. 113) is denied.
6    Dated this 19th day of March, 2015.

James A. Teilborg
Senior United States District Judge